**ENVIROWATCH, INC.; et al., Plaintiffs–Appellants,**

v.

**Chiyome L. FUKINO, Director of Health for the Department of Health, State of Hawaii, Defendant–Appellee.**

No. 07–16405.

United States Court of Appeals, Ninth Circuit.

---

* The Honorable Jane R. Roth, Senior U.S. Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Nov. 17, 2008 *.

Filed Dec. 1, 2008.

Michael G.M. Ostendorp, Esquire, Honolulu, HI, for Plaintiffs–Appellants.

Kathleen S.Y. Ho, Esquire, Deputy Attorney General, Dorothy D. Sellers, Esquire, Edward G. Bohlen, Esquire, Deputy Attorney General, Office of the Hawaii Attorney General, Honolulu, HI, for Defendant–Appellee.

Before SCHROEDER, PAEZ and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Envirowatch, Inc., Carroll Cox, Gary Siu, and Joseph Hernandez (collectively "Envirowatch") appeal the district court's dismissal of their suit against Chiyome L. Fukino, in her official capacity as Director of the Department of Health for the State of Hawai'i (the "State"). The action was filed under the citizen suit provision, 42 U.S.C. § 6972(a)(1)(A),[1] of the Resource Conservation and Recovery Act ("RCRA"). The district court dismissed Envirowatch's suit for failing to comply with the mandatory notice-and-delay provisions of § 6972. We have jurisdiction under 28 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Unless otherwise indicated, citations to sections within Title 42 of the United States Code omit "42 U.S.C." and reference only the section number.

**574**

§ 1291. We review *de novo* the district court's dismissal and may affirm on any ground supported in the record. *See Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1157 (9th Cir.1989). We affirm.

Envirowatch did not wait sixty days after giving notice of its intent to sue under the citizen suit provision of RCRA, which is a mandatory condition precedent to commencing the action. *Hallstrom v. Tillamook County*, 493 U.S. 20, 31, 33, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989) ("[W]here a party suing under the citizen suit provisions of RCRA fails to meet the notice and 60–day delay requirements of § 6972(b), the district court must dismiss the action as barred by the terms of the statute."). The action can only survive if it falls under the exemption to the notice requirement, which provides that a citizen suit "may be brought immediately" after notice in an "action ... respecting a violation of [RCRA] subchapter III." § 6972(b)(1)(A). We hold that the action, as pleaded by Envirowatch, does not respect a violation of subchapter III.

First, the allegation that the State violated the RCRA public participation requirements of § 6974 is a claim respecting subchapter VII, not subchapter III. More importantly, the complaint does not allege that the *State* violated any specific provision of subchapter III nor of the controlling state law governing hazardous waste. The complaint does not allege the presence or mishandling of hazardous waste by the State and seeks no relief to abate any hazardous waste violation. The only allegations touching on hazardous waste are vague, general assertions of ongoing violations of subchapter III, which can only be read as directed at the operator of the landfill, a non-party, against whom the State had already taken enforcement action. Finally, the allegation that the State failed to diligently enforce its own Notice of Violation issued against the operator of a landfill, where the means of enforcement are discretionary, does not amount to a claim respecting a violation of subchapter III.

**AFFIRMED.**